St Louis Southwestern Railway Company *v.* Heintz.

Opinion delivered April 29, 1907.

Railroad—stock case—presumption.—In the case of a railway company operating a train over a track belonging to another railway company, which was likewise using the track for the operation of its trains, no presumption of negligence arises, as against the former railway company, from proof merely that stock was killed on the track by a train.

Appeal from Crittenden Circuit Court; *Frank Smith,* Special Judge; reversed.

*S. H. West* and *J. C. Hawthorne,* for appellant.

*L. P. Berry* and *A. B. Shafer,* for appellee.

McCulloch, J. This is an action against the St. Louis Southwestern Railway Company to recover the value of a horse alleged to have been negligently killed by the defendant in the operation of its trains. The horse was killed by a train near Ebony, a station on the road of the St. Louis, Iron Mountain & Southern Railway Company in Crittenden County a few miles east of the railroad bridge which crosses the Mississippi River at Memphis, Tennessee. Appellant operated one train each way per day over said road, the train going to Memphis being due at that place at 6.20 o'clock in the forenoon. It is alleged that the horse was killed by this train. This is denied by appellant, and the only question raised here is whether there is sufficient evidence to sustain the finding of the jury that the horse was killed by appellant's train.

The engineer testified positively that the horse was not killed by his train, and that he saw the horse lying near the track when his train passed that morning. An Iron Mountain train was due to reach Memphis at 6:45 A. M.; and appellant's train was late on this particular day, and did not reach Memphis until 7:05 o'clock.

The witnesses introduced by plaintiff do not identify appellant's train as the one which killed the horse, and the jury were not warranted in inferring that the horse was killed by this train. The witness who saw the train when it struck the horse said that she thought it was the Cotton Belt train (meaning appellant's train), but, on being interrogated further, she said that her only means of identifying it was that the train did not stop at the station. Neither her testimony nor that of any other witness furnished any means of identification in that way, as it nowhere appears that the Iron Mountain train due about the same time stopped at the station.

Another witness, who saw the horse shortly after it was injured, said that it must have been done by the Cotton Belt train, as it was too early in the morning for the Iron Mountain train; but on cross-examination he admitted that he did not know when the Iron Mountain train was due.

According to the proof that the Cotton Belt train was delayed on that morning, it must have passed Ebony about the time the Iron Mountain train was due. The witness did not pretend to state the precise hour when the injury occurred, but said it was about 6 o'clock or a little later. It is not at all improbable from their testimony that it was an Iron Mountain train which struck the horse, as both trains passed along near the same time. Appellant's engineer testified positively that his engine did not strike the horse. No presumption of negligence arises against appellant from the fact that the horse was found injured near the track, as it was not appellant's railroad. It merely operated a train over it by permission of the company which owned and operated the road.

Under the state of the testimony the verdict is unsupported, and can not be permitted to stand. The plaintiff must, in order to recover, bring forward some proof that the horse was killed

by appellant's train.   He must in some way identify the Cotton Belt train as the one which struck his horse.   He has not done this, and the verdict must be set aside.

Reversed and remanded for a new trial.